UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

ZENG XIANG HIANG, YUNSHENG LI          :
and WEI JIANG
                                       :
                    Plaintiffs,        :        16 Civ. 1129 (HBP)

                                       :
      -against-                                 OPINION AND
                                       :        ORDER OF DISMISSAL

AI CHU CHIANG, JOHN DOE                :
and JANE DOE as shareholders
and corporate officers, and            :
WOK 88, INC, d/b/a WOK 88,
                                       :

                    Defendants.        :

------------------------------------X

```
┌────────────────────────────────────┐
│ USDC SDNY                           │
│ DOCUMENT                            │
│ ELECTRONICALLY FILED                │
│ DOC #: _____              │
│ DATE FILED: 10/14/16                │
└────────────────────────────────────┘
```

PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint applica-
tion to approve the parties' settlement (Docket Item (D.I. 16).
All parties have consented to my exercising plenary jurisdiction
pursuant to 28 U.S.C. § 636(c).

        This is an action brought by two plaintiffs who for-
merly worked as delivery persons at a small Chinese restaurant in
Manhattan for allegedly unpaid wages and overtime and spread-of-
hours pay brought under the Fair Labor Standards Act ("FLSA"), 29
U.S.C. §§ 201 et seq. and the New York Labor Law.  Plaintiffs
also assert claims based on defendants' alleged failure to
maintain certain records and provide certain notices as required
by New York State law and defendant's alleged failure to reim-

burse plaintiffs for the cost of bicycles that plaintiffs used to make deliveries.  Despite the fact that the matter was never conditionally certified as a collective action, a third former employee, Wei Jiang, filed a consent to sue on July 22, 2016 (Docket Item 15) and asserts claims similar to those asserted by the plaintiffs who commenced the action.  Because (1) Wei Jiang attended the settlement conference described below, (2) the settlement negotiations included the resolution of his claims, (3) Wei Jiang has signed the settlement agreement and (4) defendants have consented to the inclusion of Wei Jiang in the settlement, I deem the complaint to have been constructively amended to include Wei Jiang as a plaintiff.

Plaintiffs allege that they worked for defendants delivering food and performing certain side tasks such as putting sauces in containers that were delivered with customers' orders. Among other things, plaintiffs claim that they were not paid the minimum wage for all the hours they worked.  Part of their claim is based on their allegation that defendants improperly paid them at the reduced tip-credit rate despite the fact defendants did not meet all the conditions necessary for an employer could take advantage of the tip credit.  Exclusive of liquidated damages, Zeng Xiang Hiang claims that he is owed a total of $62,747 in unpaid wages and statutory penalties, Yunsheng Li claims that he

is owed a total of $24,918.67 in unpaid wages and statutory penalties and Wei Jiang claims that he is owed a total of $42,110.68 in unpaid wages and statutory penalties.  If liquidated damages are included, Zeng Xiang Hiang claims that he is owed a total of $114,494.00, Yunsheng Li claims that he is owed a total of $39,462.33 and Wei Jiang claims that he is owed a total of $71,221.36.  Using the damages figures that include liquidated damages, Zeng Xiang Hiang's pro rata share of the total damages claimed is 50.85%, Yunsheng Li's pro rata share of the total damages claimed is 17.52% and Wei Jiang's pro rata share of the total damages claimed is 31.63%.

Defendants vigorously dispute the plaintiffs' claims, contending that the hours claimed by plaintiffs are grossly inflated and that defendants properly paid plaintiffs at tip-credit rate.  Defendants contend that if plaintiffs are owed any unpaid wages at all, the total amount owed is $20,871.33

The parties have agreed to a total a settlement of $170,000 payable as follows:  $25,925 (or 15%) to be paid within thirty days of the dismissal of the action, the balance to be paid in twelve equal monthly installments of $12,006.25.  The total settlement amount represents 131% of plaintiffs' unpaid wages and statutory penalties.  The settlement proceeds will be distributed to plaintiffs on a pro rata basis based on the

proportion of each plaintiff's individual claim to the total of all three plaintiff's claims.[1]

I held a lengthy settlement conference on May 10, 2016 that was attended by the principals and their counsel.  The parties were able to agree on the terms outlined above at that conference.

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011).  "If the proposed settlement reflects a reasonable compromise over con- tested issues, the court should approve the settle- ment." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.).  "Generally, there is a strong presumption in favor of finding a settlement fair, [be- cause] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (inner quotation marks and citations omitted).  "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of

---

[1]I summarize here only the most material terms of the settlement agreement.

4

the fairness of the settlement." Beckman v. Keybank, N.A., 293
F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food
Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir.
1982).  The presumption of fairness in this case is bolstered by
he caliber the parties' counsel.  All parties are represented by
counsel who are known to me to be extremely knowledgeable regard-
ing wage and hour matters and who are well suited to assess the
risks of litigation and the benefits of the proposed settlement.

        In Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332,
335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States
District Judge, identified five factors that are relevant to an
assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement
> is fair and reasonable, a court should consider the
> totality of circumstances, including but not limited to
> the following factors:  (1) the plaintiff's range of
> possible recovery; (2) the extent to which the settle-
> ment will enable the parties to avoid anticipated
> burdens and expenses in establishing their respective
> claims and defenses; (3) the seriousness of the litiga-
> tion risks faced by the parties; (4) whether the set-
> tlement agreement is the product of arm's-length bar-
> gaining between experienced counsel; and (5) the possi-
> bility of fraud or collusion.

(Inner quotations and citations omitted).  The settlement here
satisfies these criteria.

        The total damages sought by all three plaintiffs,
including liquidated damages, are $225,177.69.  Thus, the settle-

5

ment represents approximately 75.5% of the total amount sought by plaintiffs.

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation. Plaintiffs' case rests entirely on plaintiffs' oral testimony, and litigating the case would require the taking of several depositions. The settlement avoids the expense and burden of depositions.

Third, the settlement will enable plaintiffs to avoid the risk of litigation. Unlike many FLSA defendants, the defendants here maintained payroll records which appear to be facially correct and substantially strengthen their contention  that plaintiffs were properly paid. Plaintiffs, all of whom have an obvious interest in the outcome, appear to have no evidence to support their claims from their oral testimony. Although plaintiffs' testimony is sufficient to prove their claims, Anderson v. Mt. Clemmons Pottery Co., 328 U.S. 680, 686-88 (1946), there is no way to predict the weight that a jury would afford their testimony.

Fourth, because I presided over the settlement conference, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

6

Fifth, there are no factors here that suggest the existence of fraud.  The fact that the settlement was reached at a mediation before the Court further negates the possibility of fraud or collusion.

The settlement agreement also provides that one-third of the settlement will be paid to plaintiffs' counsel as a contingency fee after deduction of out-of pocket costs of $500. Contingency fees of one third in FLSA cases are routinely approved in this Circuit.  Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("courts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances"); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13-CV-3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by the courts in this Circuit"); Febus v. Guardian First Funding Group, LLC, 870 F. Supp. 2d 337, 340-41 (S.D.N.Y. 2012) (Stein, D.J.) ("a fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v.

7

E*TRADE Fin. Corp., 10 Civ. 4030 (LAP), 2012 WL 2384419 at *6

(S.D.N.Y. June 22, 2012) (Preska, D.J.).

        Accordingly, I approve the settlement in this matter.

In light of the settlement, the action is dismissed with preju-

dice and without costs.  The Clerk of the Court is requested to

mark this matter closed.

Dated:  New York, New York
       October 14, 2016

                    SO ORDERED

                    HENRY PITMAN
                    United States Magistrate Judge

Copies transmitted to:

All Counsel